IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY WAYNE SEDA,
    *Plaintiff*,

v.

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,
    *Defendant*.

Civil Action No. ELH-16-3949

**MEMORANDUM OPINION**

In this employment discrimination case, self-represented plaintiff Anthony Wayne Seda filed suit against Carolyn W. Colvin, the former Acting Commissioner of the Social Security Administration ("SSA"). ECF 1.[1] Seda alleges that the SSA discriminated against him on the basis of his disabilities in 2005 and 2006 by terminating his employment in 2006; by refusing to provide him with reasonable accommodations; and by retaliating against him for seeking reasonable accommodations, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). ECF 1 at 4-5.

Defendant has filed a pre-discovery motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment under Rule 56. ECF 13. It is supported by a memorandum (ECF 13-1) (collectively, the "Motion") and multiple exhibits.[2] The SSA argues, *inter alia*, that plaintiff failed to exhaust his administrative remedies and that his claims

---

[1] As defendant notes, Nancy Berryhill is the now the Acting Commissioner of the SSA. ECF 13 at 1 n.1.

[2] Defendant supplemented the Motion with a replacement exhibit (ECF 14-1), because one of the original exhibits, as submitted, was illegible. ECF 13-14.

are barred by res judicata. Plaintiff opposes the Motion. ECF 16 ("Opposition"). Defendant has replied. ECF 20 ("Reply").

Notably, plaintiff has not filed a Rule 56(d) affidavit opposing pre-discovery summary judgment. Indeed, plaintiff attached ten exhibits to his Opposition (ECF 16-1 to ECF 16-10), styled as "Substantial Evidences." ECF 16 at 15.

No hearing is necessary to resolve the Motion. *See* Local Rule 105(6). For the reasons that follow, I shall construe defendant's Motion as one for summary judgment and I shall grant the Motion.

## I. Factual and Procedural Background[3]

Plaintiff, a military veteran, was hired by the SSA on February 27, 2005, under the Federal Career Intern Program ("FCIP"), to work as a "Social Insurance Specialist, Claims Representative Trainee" at the SSA office in Owings Mills, Maryland. ECF 13-2. At the time Seda was hired, he signed an acknowledgment that his position was not to extend beyond February 26, 2007, and that he could be terminated at any time. ECF 13-4. The appointment was an "excepted service" appointment. ECF 13-2. After two years in the FCIP, plaintiff would have been eligible for a career appointment. ECF 13-4.

Plaintiff claims that he informed his supervisor on July 27, 2005, that he had a "cancerous polyp." ECF 1-4 at 1; *see* ECF 16-1 at 1 (doctor's note). On December 22, 2005, Seda requested "immediate reassignment" to the Towson, Maryland SSA office in order to be closer to his home and his healthcare provider. ECF 16-1 at 4 (request for reassignment). Plaintiff alleges that his request was denied. *See* ECF 1-4 at 1-2; ECF 16-8 at 1. On January 25, 2006, plaintiff was

---

[3] The Factual Background is derived from the exhibits submitted by the parties and from the Complaint. Because plaintiff is *pro se*, I must construe his submissions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, (2007); *see also Macena v. U.S. Citizenship & Immigration Servs.*, TDC-14-3464, 2015 WL 6738923, at *1 (D. Md. Nov. 2, 2015).

terminated because of "a pattern of unacceptable conduct." *See* ECF 13-3 (Notification of Personnel Action); *see also* ECF 13-5 (Notification of Termination).

Seda maintains that he was "treated differently" and was harassed by his supervisors. ECF 1-4 at 2. According to plaintiff, by letters dated December 24, 2005, he wrote to the EEOC and the Secretary of Labor, requesting assistance in the matter of his requested transfer because of his prostate cancer. *See* ECF 16-8 at 1 (letter to EEOC); ECF 16-8 at 2 (letter to Department of Labor). Curiously, both letters, dated December 24, 2005, contain references to an "attached email dated January 17, 2006," which sought an update on the status of his transfer request. ECF 16-8 at 1; ECF 16-8 at 2. Plaintiff also submitted a screenshot of that email, which is indeed dated January 17, 2006, several weeks *after* the letters were purportedly written. ECF 16-1 at 7.

Plaintiff was interviewed by an EEO Counselor on several dates in January and February 2006. *See* ECF 13-6 ("2006 EEO Complaint") at 2. The counseling report discusses plaintiff's allegations that he was denied a reasonable accommodation in December 2005, and that he was non-sexually harassed by his supervisor in July 2005, who allegedly asked Seda his opinion on a welfare program. ECF 13-6 at 3. Plaintiff's 2006 EEO Complaint, alleging that he suffered non-sexual harassment and that he was terminated on the basis of his physical disabilities (cancer and other medical conditions), political affiliation (Republican), and participation in EEO activity (pursuing the 2006 EEO Complaint), was officially filed on February 28, 2006. ECF 13-7 at 1.

The SSA accepted the 2006 EEO Complaint on April 7, 2006. ECF 13-7. However, on October 24, 2006, before the SSA's investigation was completed, plaintiff filed suit in this Court on the basis of the same 2006 EEO Complaint, alleging that he was terminated in retaliation for the exercise of his First Amendment rights. *See* Case AMD-06-2799 at ECF 9-9; ECF 11. Because plaintiff had decided to pursue his claims in federal court, the SSA moved to dismiss the

2006 EEO Complaint under 29 C.F.R. § 1614.107.  *See* ECF 13-8.  Administrative Judge Charles G. Shubow of the EEOC's Baltimore Field Office granted the motion to dismiss on March 13, 2007.  *Id.*  On March 12, 2007, then district judge Andre Davis dismissed the civil case.  *See* Case AMD-06-2799 at ECF 12.  It does not appear that plaintiff appealed the dismissal.

Meanwhile, it appears that on October 23, 2006, plaintiff challenged his termination in an appeal filed with the Merit Systems Protection Board ("MSPB").  *See* ECF 13-9.  On January 31, 2007, Administrative Judge Michael T. Rudisill dismissed that appeal for lack of jurisdiction.  *Id.* at 1.  Plaintiff filed a petition for review of the dismissal, and a three-member panel of the MSPB affirmed on May 8, 2007, rendering the decision final.  ECF 13-10 at 1-2.

In mid-2014, plaintiff filed another appeal with the MSPB, challenging the termination that had occurred more than eight years earlier.  *See* ECF 13-11 at 2.  That appeal was dismissed by an administrative judge in September 2014 (*id.* at 3-4), and the MSPB affirmed the decision.  *Id.* at 6.  Plaintiff appealed to the United States Court of Appeals for the Federal Circuit, which affirmed the dismissal.  ECF 16-10 at 8; *see Seda v. Merit Sys. Prot. Bd.*, 638 F. App'x 1006, 1009 (Fed. Cir. 2016) (per curiam).  Plaintiff filed a petition for certiorari to the United States Supreme Court, which was denied.  136 S. Ct. 2459 (2016).

On March 31, 2015, plaintiff filed another EEO Complaint with the SSA, again alleging that he was denied a reasonable accommodation and that he was removed because of his disability and in reprisal for his request for accommodation.  ECF 13-12 ("2015 EEO Complaint") at 2.  On May 7, 2015, the 2015 EEO Complaint was dismissed by the SSA as untimely under 29 C.F.R. § 1614.107(a)(2).  ECF 13-13 at 4.  Plaintiff appealed the dismissal to the EEOC, which affirmed on August 23, 2016.  ECF 14-1.  Plaintiff requested reconsideration of the decision, which was denied on November 30, 2016.  ECF 13-15.

It is from this procedural posture that plaintiff filed the pending action in this Court on December 9, 2016. *See* ECF 1.

## II.     Standard of Review

As noted, defendant has moved to dismiss or, in the alternative, for summary judgment. ECF 13. A motion styled in the alternative, to dismiss or for summary judgment, implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). But when, as here, the movant expressly captions its motion "in the alternative," as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C Alan Wright & Arthur Miller et al., *Federal Practice & Procedure* § 1366 (3d ed.). This discretion "should be exercised with great caution and attention to the parties'

procedural rights." *Id*. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id*.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448-49; *see Putney v. Likin*, 656 F. App'x 632, 638-640 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 F. App'x 552, 561 (4th Cir. 2015).

To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing the affidavit requirement of former Rule 56(f)). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir. 2008) (per curiam), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of

summary judgment, the party who fails to file a Rule 56(d) affidavit does so at her peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961); *see also Dave & Buster's, Inc.*, 616 F. App'x at 561. But, the nonmoving party's failure to file a Rule 56(d) affidavit does not obligate a court to issue a summary judgment ruling that is obviously premature.

Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Harrods*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961). According to the Fourth Circuit, the failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary," and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id*. at 244-45 (quoting *First Chicago Int'l v. United Exchange Co., LTD*, 836 F.2d 1375, 1380-81 (D.C. Cir. 1988)).

As indicated, this case has a long history, both administratively and in federal court. Notably, plaintiff has not filed an affidavit under Rule 56(d), nor has he suggested that he would be prejudiced in the absence of discovery. Moreover, although plaintiff asserts that the defendant "has misrepresented the facts and falsified and concealed the truth" to this Court (ECF 16 at 6), plaintiff does not dispute the authenticity of the exhibits attached to defendant's Motion. Instead, plaintiff has attached his own exhibits to his Opposition, which I shall also consider. *See* ECF 16-1 to ECF 16-10. Therefore, I am satisfied that it is appropriate to address plaintiff's

claims in the context of summary judgment, because this will facilitate disposition of the case.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017) ("A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law."). The nonmoving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The Supreme Court has clarified that not every factual dispute will defeat a summary judgment motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. And, "the mere existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

Notably, "[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (May 17, 2004); *see also Celotex*, 477 U.S. at 322-24. As indicated, the court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587; *accord Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Thus, in considering a summary judgment motion, the court may not make credibility determinations. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007). Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

However, to defeat summary judgment, conflicting evidence must give rise to

a *genuine* dispute of material fact. *Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 204 (4th Cir. 2016). Conversely, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. And, "the mere existence of a scintilla of evidence in support of the [movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [movant]." *Id.*

### III. Discussion

Defendant has moved to dismiss or, in the alternative, for summary judgment on three grounds: (1) plaintiff failed to exhaust his administrative remedies because he did not timely seek EEO counseling; (2) plaintiff failed to exhaust his administrative remedies with respect to his failure to accommodate claim under the FMLA; and (3) plaintiff's claims are barred by res judicata. ECF 13-1 at 8-14. Because I find that plaintiff's 2015 EEO Complaint is untimely, and, moreover, that plaintiff's claims are barred by res judicata, I need not consider whether plaintiff exhausted his administrative remedies as to his FMLA claim.

Federal employees "who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult [an EEO] Counselor [in the employee's federal agency] prior to filing [an agency EEO] complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a); *see also Nielsen v. Hagel*, 666 F. App'x 225, 227 (4th Cir. 2016); *Young v. Nat'l Ctr. for Health Serv. Research*, 828 F.2d 235, 237 (4th Cir. 1987). Moreover, the employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R.

§ 1614.105(a)(1); *see also Nielsen*, 666 F. App'x at 227; *Verrier v. Sebelius*, CCB-09-402, 2010 WL 1222740, at *8 (D. Md. Mar. 23, 2010).

The EEO counselor must "conduct an initial counseling session, during which the counselor must inform the aggrieved party in writing of his rights and responsibilities, and offer the employee the option of pursuing alternative dispute resolution (ADR)." *Nielsen*, 666 F. App'x at 227 (citing 29 C.F.R. §§ 1614.105(b)(1), (2)). Counseling may lead to the withdrawal of the claim or a settlement agreement between the employee and employer. *See* 29 C.F.R. § 1614.504(a); *Campbell v. Geren*, 353 F. App'x 879, 882 (4th Cir. 2009). If the employee chooses to pursue ADR, the EEO counselor must conduct a "final interview" within 90 days of the initial interview. 29 C.F.R. §§ 1614.105(d), (f). At the end of the 90 day period, if the matter is not resolved, "the counselor must issue a written notice of right to file a formal complaint within the agency." *Nielsen*, 666 F. App'x at 227 (citing 29 C.F.R. § 1614.105(d)-(f)). Thereafter, the aggrieved party must file a formal complaint with the agency within 15 days of receipt of notice from the agency. *See* 29 C.F.R. §§ 1614.105(d), 1614.106(b).[4]

Once the agency takes "final action" on the formal complaint, the aggrieved party may appeal the decision to the EEOC or, within 90 days, file a civil suit. *See* 42 U.S.C. § 2000e-16; 29 C.F.R. §§ 1614.110, 1614.401, 1614.407(a); *see also Nielsen*, 666 F. App'x at 227. If an employee appeals to the EEOC, the Office of Federal Operations ("OFO") "reviews the record, supplements it if necessary, and then issues a written decision." *Scott v. Johanns*, 409 F.3d 466, 468 (D.C. Cir. 2005) (citing 29 C.F.R. § 1614.404-05). A decision by the OFO is considered to be final, "triggering the right to sue" in court. *Scott*, 409 F.3d at 468 (citing 29 C.F.R.

---

[4] Untimely complaints are subject to dismissal, but the 15-day time limit is also subject to "waiver, estoppel, and equitable tolling." 29 C.F.R. § 1614.604(c).

§ 1614.405(b)). Once the aggrieved party receives a "right to sue" letter, he or she has 90 days to file a civil action. 42 U.S.C. § 2000e-5(f)(1).

An aggrieved party who fails to comply with the applicable administrative procedures has failed to exhaust her administrative remedies and is generally barred from filing suit. *See, e.g.*, *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013); *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *see also Frank v. England*, 313 F. Supp. 2d 532, 536 (D. Md. 2004). In the Fourth Circuit, the exhaustion requirement of anti-discrimination statutes functions as a jurisdictional bar where a plaintiff has failed to comply with it. In *Balas*, 711 F.3d at 406, the Court said: "[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies." Thus, failure to comply generally mandates dismissal of a suit. *Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 734 (E.D. Va. 2006) (citing *Zografov v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 970 (4th Cir. 1985)).

To be sure, this case is brought under the ADA, rather than Title VII. But, "the ADA incorporates [Title VII's] enforcement procedures . . . including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (internal citations omitted).

The exhaustion requirement is not "simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Institution*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, it "'reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.'" *Balas*, 711 F.3d at 407 (quoting *Chris v. Tenet*, 221

F.3d 648, 653 (4th Cir. 2000)). "Allowing [the EEOC] first crack at these cases respects Congress's intent . . . ." *Sydnor*, 681 F.3d at 593.

Defendant argues that because plaintiff did not seek EEO counseling in connection with this case until almost nine years after his termination (greatly exceeding the 45 day limitation), his claims must be dismissed. ECF 13-1 at 9. Plaintiff responds by asserting that he did timely seek EEO counseling in December 2005 and February 2006. ECF 16 at 7. But, as defendant points out, the claims associated with his initial 2006 EEO Complaint were dismissed in 2007. ECF 13-1 at 9. The EEO Complaint that gave rise to this suit was filed in 2015. *See* ECF 13-12.

Plaintiff alleges in his Complaint that his supervisors blocked him from speaking with the SSA's Office of Civil Rights, and that "[i]t wasn't until December 7, 2014, that Anthony Wayne Seda was able to speak to" an EEO representative. ECF 1 at 2. However, as the SSA's decision dismissing plaintiff's 2015 EEO Complaint found, plaintiff "has provided no evidence that he was not aware of the time limits for contacting an EEO Counselor. The record is void of a credible explanation to justify his untimely contact with the counselor . . . ." ECF 13-13 at 3. And, of course, plaintiff *had* previously contacted an EEO Counselor before, in 2006, when he filed his original 2006 EEO Complaint. It would be unreasonable to conclude that Seda was unaware of the proper procedure.

There is no genuine dispute as to the fact that plaintiff's instant EEO Complaint was filed in 2015, long after his termination in 2006. Nor has plaintiff offered any evidence that would allow me to find that his delay was justifiable. Therefore, after reviewing the exhibits presented, I conclude that granting summary judgment is appropriate on the basis of plaintiff's failure to timely exhaust administrative remedies.

In the alternative, plaintiff's claims are barred by res judicata. Res judicata, or claim

preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153 (1979). The doctrine is intended to preclude parties from "contesting matters that they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Id.* at 153-54.

Res judicata applies when the following three elements are present: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Young-Henderson v. Spartanberg Area Mental Health Ctr.*, 945 F.2d 770, 773 (4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). Of import here, "[a] plaintiff's invocation of a different legal theory in the subsequent action" does not preclude application of res judicata. *Onawola v. Johns Hopkins Univ.*, AMD-07-870, 2007 WL 5428683, at *1 (D. Md. Sept. 24, 2007); *see* Restatement (Second) of Judgments § 24(2) cmt. c (1982).

Defendant contends that res judicata bars Seda's claims because this Court has already issued a final decision on the merits on claims against defendant regarding plaintiff's termination from the SSA. *See Seda v. Social Security Administration*, Case AMD-06-2799. Although the claims here present slightly different causes of action, all three elements required for claim preclusion have been met.

First, as noted, plaintiff filed his 2006 EEO Complaint following his discharge from the SSA, and then brought a claim in this Court, which was decided by a final judgment on the merits. *See id.* at ECF 11. Thus, I have no hesitation in finding satisfaction of the first element.

Second, a cause of action is "identical" for purposes of res judicata if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims

-14-

in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986); *see Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) ("[W]e follow the 'transactional' approach when considering whether causes of action are identical: 'As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect.'" (Citation omitted)); *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996). Notably, "[u]nder this transactional approach, res judicata will bar a 'newly articulated claim[]' if it is based on the same underlying transaction and could have been brought in the earlier action." *Clodfelter*, 720 F.3d at 210 (citing *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)).

The claims presented here clearly arise out of the 2006 discharge from the SSA, and therefore "involve right[s] arising out of the same transaction or series of connected transactions" as earlier alleged. *See Harnett*, 800 F.2d at 1314. Accordingly, that Seda relies on theories of relief that differ from his prior complaint does not bar the application of res judicata in this case. *Onawola*, 2007 WL 5428683, at *1.

Finally, the defendant in this case is in privity with the defendant in the previous cases. Parties are in privity for purposes of res judicata where they are "so identified in interest . . . that [they] represent the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005). Moreover, "[p]rivity exists where a plaintiff attempts to relitigate the same claim by naming different governmental entities and employees as defendants." *Kayzakian v. Buck*, 865 F.2d 1258 (Table), at *2 (4th Cir. 1988) (per curiam) (citing *Mears v. Town of Oxford, Md.*, 762 F.2d 368, 371 n.3 (4th Cir. 1985)). The defendant here is merely the official at the head of the SSA at the time this suit was filed, and therefore shares the interests of the agency itself, previously sued by plaintiff. *See*

*id.* Consequently, the privity requirement is met.

Therefore, even if plaintiff's suit were timely filed, it would be barred by res judicata.

## V. Conclusion

For the reasons set forth above, I shall grant defendant's Motion. An Order follows, consistent with this Memorandum Opinion.


Date: January 18, 2018                                  /s/
                                                Ellen Lipton Hollander
                                                United States District Judge